IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DUOLINE TECHNOLOGIES, L.P.,                                                   ORDER

                Plaintiff,                                                   10-cv-252-bbc

    v.

McCLEAN ANDERSON, LLC,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary relief, plaintiff Duoline Technologies, L.P. brings claims for breach of contract, breach of warranties, intentional misrepresentation, fraudulent inducement and unjust enrichment against defendant McClean Anderson, LLC. Plaintiff alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are completely diverse and the matter in controversy exceeds $75,000. However, this court has an independent obligation to insure that diversity jurisdiction exists. Arbaugh v. Y & H Corporation, 546 U.S. 500, 501 (2006); Tylka v. Gerber Products Company, 211 F.3d 445, 447-48 (7th Cir. 2000) (federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction"). My review of plaintiff's amended complaint indicates that plaintiff has not made an adequate allegation of diversity under § 1332.

First, plaintiff has not identified its own citizenship properly. Plaintiff alleges that it is a limited partnership organized under the laws of Delaware, with its principal place of business in Gilmer, Texas. The citizenship of a limited partnership is determined by the citizenship of each of the limited and general partners. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) ("The citizenship of a partnership is the citizenship of the partners, even if they are limited partners.") (citations omitted). Plaintiff has not identified its partners or the citizenship of those partners.

Second, plaintiff has not established the citizenship of defendant McClean Anderson, LLC. The citizenship of a limited liability company is determined by the citizenship of its members. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"); Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006); 15 Moore's Federal Practice, § 102.57[8] at 102-140.2-141 (2008). The amended complaint states that McClean Anderson, LLC is a Wisconsin corporation, with its principal place of business in Schofield, Wisconsin. Plaintiff has not identified the members of McClean Anderson, LLC or the citizenship of those members.

Although I suspect that plaintiff will be able to establish diversity of the parties, it would be a waste of limited judicial resources to proceed further in a case in which jurisdiction may not be present. Plaintiff may have until November 17, 2010 in which to

2

produce facts verifying the diversity of citizenship between plaintiff and defendant. Plaintiff is reminded that, to the extent any partner in a limited partnership or any member of a limited liability company is an individual person, it is the citizenship, not the residency, of individual persons that matters for diversity jurisdiction purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002); see also Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994).

ORDER

It is ORDERED that plaintiff Duoline Technologies, L.P. may have until November 17, 2010 in which to provide this court with verification of the diversity of citizenship between itself and defendant. Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 10th day of November, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge