IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DUOLINE TECHNOLOGIES, L.P.,                                        ORDER

                Plaintiff,                                        10-cv-252-bbc

    v.

McCLEAN ANDERSON, LLC,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated March 25, 2011, I granted summary judgment to defendant on all of plaintiff's claims in this case. Dkt. #81. However, I noted that defendant had filed counterclaims that were not resolved by the order and to which it appeared that plaintiff had not answered or otherwise responded. I asked defendant to notify the court how it wished to proceed on the counterclaims.

Now plaintiff has filed a notice with the court, stating its belief that because defendant's counterclaims were filed improperly under the local rules of the Eastern District of Texas where this case originated, there are no counterclaims to which it was required to respond. Dkt. ##82, 83. In fact, plaintiff states that it attempted to file a response to defendant's counterclaims initially, but was unable to do so because the counterclaims were attached to defendant's motion to dismiss or transfer the case. Plaintiff avers that the clerk

1

of court for the Eastern District of Texas told plaintiff that it was the court's position that no answer or counterclaim had been filed because the local rules require motions and answers to be filed and docketed separately. In addition, the clerk of court reported that she had informed defendant's counsel of the problem and that defendant's counsel had told her that it did not intend to file the answer and counterclaims and that they would be refiled at a later date. Also, plaintiff has submitted an email purportedly written on March 30, 2011 by someone in the Eastern District's clerks office stating that the clerk's office informed defendant's attorney of the incorrectly docketed answer. Dkt. #82-1. Plaintiff contends that because defendant's original counterclaims were invalid and defendant never reasserted those claims after the case was transferred, there are no outstanding issues in this case.

Defendant disagrees with plaintiff's characterization of events and contends that its counterclaims are still pending. It points out that there is no indication on the docket that its original answer and counterclaims were filed incorrectly or that they were stricken from the docket and that plaintiff's argument is supported largely by hearsay. Defendant has filed a motion for entry of default against plaintiff.

If plaintiff's version of events is accurate, it is understandable that it did not file an answer to defendant's counterclaims before the case was transferred to this court. (However, in order to protect itself from a possible default judgment, plaintiff probably should have moved to strike the answer and counterclaims or requested a notation on the docket that the answer and counterclaims were not considered to be part of the case.) On the other hand,

defendant is correct that there is no indication on the docket that defendant's counterclaims were stricken, dkt. #6, and plaintiff's hearsay evidence regarding the clerk of court's opinion on the subject is insufficient to establish this.  Moreover, although defendant did not refile its counterclaims after the case was transferred, defendant did request judgment "against plaintiff pursuant to defendant's counterclaim for actual damages" in its answer to plaintiff's amended complaint.  Dkt. #40, at 7.  Defendant's reference to its counterclaims placed plaintiff on notice that defendant considered the counterclaims to be an issue in the case. At that point, plaintiff could have filed an answer or moved to strike or dismiss the counterclaims based on its previous belief that they were invalid.  Finally, in both its opening and reply briefs in support of its motion for summary judgment, dkt. ##56, 68, defendant mentioned its counterclaims and stated that the counterclaims were not at issue in the motion.  Once again, plaintiff was on notice that the counterclaims were an issue in the case and should have anticipated that defendant would seek judgment on them eventually.

In sum, I conclude that defendant's counterclaims are pending and must be resolved before the case can be closed.  However, because there appears to have been a genuine misunderstanding about whether plaintiff was required to respond to the counterclaims, I will not grant default judgment against plaintiff.  Plaintiff has obviously appeared and intends to defend itself against the claims.  Plaintiff may have until April 8, 2011 to file an answer or other response to defendant's counterclaims.

3

ORDER

IT IS ORDERED that plaintiff Duoline Technologies LP may have until April 8, 2011 to file an answer or other response to defendant McClean Anderson LLC's counterclaims.

Entered this 1st day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4